IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** § § § **Plaintiff,** § § **v.** § § **NATIONAL BANCORP HOLDINGS,** § **INC** d/b/a **THE FEDERAL SAVINGS** § **BANK**, a Delaware Corporation, § § **Defendant.** | **CAUSE NO EP-22-CV-66-KC** |

## FINAL JUDGMENT ORDER

On this day, the Court considered Plaintiff's Request for Entry of Default Judgment for Sum Certain ("Request"). ECF No. 11. For the reasons set forth herein, Plaintiff's Request is **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant's agents made five unsolicited and unwanted calls to his cellphone on February 10, 2022. Compl. ¶¶ 22, 35, ECF No. 1. He alleges that, during the first call, he told Defendant's agent that he was on the national do-not-call registry, and despite this, the agent continued the call and tried to transfer Plaintiff to another agent for the purpose of marketing a mortgage loan to Plaintiff. Compl. ¶¶ 23, 26–27. The call dropped, and the agent called Plaintiff's cellphone four additional times. Compl. ¶¶ 26, 35. Plaintiff alleges that Defendants placed each of these phone calls without maintaining an internal do-not-call policy, training their employees on the use of such a policy, or identifying themselves

to Plaintiff. Compl. ¶¶ 33–34, 37, 42, 45. Plaintiff also alleges that he requested Defendant's internal do-not-call policy on February 11, 2022, by email, but he has not received it. Compl. ¶¶ 33–34.

On February 24, 2022, Plaintiff initiated this action. Compl. Defendant was served on March 1, 2022, but failed to appear by March 22, 2022, as required by law. *See* ECF No. 8; Fed. R. Civ. P. 12(a)(1)(A)(i). On March 29, 2022, the Clerk of the Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 7. On April 1, 2022, Plaintiff requested default judgment and an award of statutory damages.

## II.  STANDARD

The clerk of the court shall enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, a party may move for a default judgment. *See id.*; *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A court enters default judgment only if there is "a sufficient basis in the pleading for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1]  Fed. R. Civ. P. 8(a)(2). The pleadings of pro se litigants must be construed liberally. *See E.E.O.C. v. Simbaki, Ltd*., 767 F.3d 475, 484 (5th Cir. 2014).

---

[1] Although a default judgment conclusively establishes a defendant's liability, it does not establish the amount of damages. *United States ex rel. MCO Constr., Inc. v. Shipco Gen., Inc.*,

**III.     DISCUSSION**

Plaintiff asks the Court to enter default judgment in his favor and to award statutory damages based on five phone calls he received from Defendant's agents, which Plaintiff alleges violated sections 227(b) and (c) of the TCPA.  *See* Request; Affidavit in Support of Request, ECF No. 11 ("Affidavit").  Plaintiff requests $1,500 in statutory treble damage for each violation of the two provisions, for a total of $15,000.  *See* Aff. 2.

**A.      47 U.S.C. § 227(b)**

Title 47 U.S.C. § 227(b)(1)(A) prohibits calling "any telephone number assigned to a . . . cellular telephone service" using "any automatic telephone dialing system" ("ATDS") absent "prior express consent of the called party."  An ATDS may be any equipment that can "store or produce telephone numbers to be called, using a random or sequential number generator" and can dial such numbers.  47 U.S.C. § 227(a)(1).

The TCPA provides a private right of action for violations of § 227(b).  47 U.S.C. § 227(b)(3).  A plaintiff may recover the greater of their "actual monetary loss" or "up to $500 in damages" for each violation.  47 U.S.C. § 227(b)(3)(B).  A "court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)" upon finding "that the defendant willfully or knowingly violated the regulations prescribed under this section."  47 U.S.C. § 227(b)(3)(C).

---

814 F.2d 1011, 1014 (5th Cir. 1987).  District courts have "wide latitude" regarding whether to hold an evidentiary hearing on the issue of damages.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b)(2)(B).  A hearing is not necessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation."  *United Artists Corp.* v. *Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).  Plaintiff in this case asks for liquidated damages prescribed by statute, so a hearing is not necessary.

In his Complaint, Plaintiff alleges that Defendant made five "telemarketing robocalls to [Plaintiff]'s cellular telephone without his prior express written consent." Compl. ¶ 12. However, his allegations only plausibly indicate that the *first* call was a "robocall" made using ATDS. Plaintiff alleges that on the first call, he picked up and was connected with a representative after a several second delay. Compl. ¶ 24. This call seems to have been random, and the delayed response suggests that the call was made using an ATDS. *See Callier v. Greensky, Inc.*, No. EP-20-CV-304-KC, 2021 WL 2688622, at *5 (W.D. Tex. May 10, 2021) (explaining that allegations that "each call followed a familiar script and [w]hen Plaintiff answered, he was met with silence for several seconds before the system connected him with a live agent . . . reasonably suggests that Defendant placed the call using an automated system"). But Plaintiff alleges that the rest of the calls were "unauthorized callbacks," by "the representative." Compl. ¶ 27. By alleging that the representative was attempting to call *him* back in particular, Plaintiff contradicts his assertion that these calls were "robocalls" made using a random number generator. As such, Plaintiff has plead a violation of 47 U.S.C. § 227(b)(1)(A) based on the first call only.

Although Plaintiff requests damages of $1500 for each violation of § 227(b), his complaint lacks even conclusory allegations that Defendant's violation of the ATDS-use limitation provision was "willful" or "knowing." *See* Compl. 11–12. Therefore, there is no basis to award Plaintiff treble damages for the violation. *See* 47 U.S.C. § 227(b)(3)(C). Plaintiff has sufficiently alleged one violation of § 227(b) that warrants an award of $500 in statutory damages.

**B.     47 U.S.C. § 227(c)**

Title 47 U.S.C. § 227(c) authorizes the FCC to establish a national database of telephone users who do not wish to receive telephone solicitations and directs the agency to promulgate regulations to protect users' privacy rights.  Those regulations provide that calling a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry" violates the TCPA.  47 C.F.R. § 64.1200(c)(2).  In turn, section 227(c)(5) of TCPA provides a private right of action for violations of these regulations to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity."  47 U.S.C. § 227(c)(5).  A plaintiff may recover "for actual monetary loss from such a violation, or to receive up to $500 in damages," and a court may award treble damages for willful or knowing violations.  *Id.* § 227(c)(5)(B)–(C).

Plaintiff alleges that his number is listed on the national do-not-call registry and that Defendants agent called him, unsolicited, for telemarketing purposes—straightforward violations of 47 C.F.R. § 64.1200(c)(2).  Compl. ¶¶ 20, 22, 24–28, 25.  His allegations also suggest that the violations were committed knowingly.  He alleges that during the first call, he told Defendant's agent that he was on the do-not-call registry, and, despite this, the agent continued the call and tried to transfer him to another person.  Compl. ¶ 26.  Thereafter, the representative continued to call Plaintiff.  Compl. ¶ 28.  Moreover, because Defendant has defaulted, Plaintiff's allegations of knowledge are deemed admitted.  *See* Compl. ¶ 28; *J&J Sports Prods. v. Quesada Invs. LLC*, 5:17-CV-00275-XR, 2017 WL 2881166, at *5 (W.D. Tex. July 5, 2017) ("[B]y defaulting, the defendants admit their violation was committed willfully.").  It is therefore appropriate for the

Court, in its discretion, to award Plaintiff the maximum statutory damages of $1500 per call.[2]

*See US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 WL 3752964, at *5 (N.D. Tex. June 17, 2016) ("Because Defendant's conduct was willful and he admitted that he acted knowingly and intentionally by virtue of his default, an award of statutory damages against Defendant in the maximum amount is warranted."), *r. & r. adopted* by 2016 WL 3766362 (N.D. Tex. July 11, 2016).

### III.   CONCLUSION

---

[2] Plaintiff also claims that Defendant violated 47 C.F.R. § 64.1200(d), another regulation promulgated under 47 U.S.C. § 227(c), which requires telemarketers to maintain internal do not call lists. However, Plaintiff requests $1500 per call for violations of 47 U.S.C. § 227(c), the maximum damage amount per violation of the subsection. Because the Court awards that entire amount based on violations of 47 C.F.R. § 64.1200(c)(2), the Court does not address Plaintiff's claims under 47 C.R.F. § 64.1200(d).

For the foregoing reasons, Plaintiff's Motion, ECF No. 11, is **GRANTED** in part and **DENIED** in part.  **IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of Plaintiff Brandon Callier, and against Defendant National Bancorp.  Defendant **SHALL PAY** Plaintiff:

a. $500 in statutory damages for one violation of 47 U.S.C. § 227(b) pursuant to § 227(b)(3)(B); and

b. $1500 in statutory damages for each of the five knowing or willful violations of 47 U.S.C. § 227(c) pursuant to § 227(c)(5)(B).

In total, the Court **GRANTS** default judgment in favor of Plaintiff and against Defendants in the amount of $8000 plus costs. Plaintiff may file a proposed bill of costs in accordance with Local Court Rule CV-54(a) within 14 days of this Memorandum Order.

**IT IS FURTHER ORDERED** that Defendant **SHALL PAY** Plaintiff post-judgment interest at the rate of 1.67% until paid in full, to be compounded annually pursuant to the provisions of 28 U.S.C. § 1961(b).

**SO ORDERED.**

**SIGNED** on this 8th day of April, 2022.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE